W. Terry Scannell, OSB No. 853220
Email: terry@scannellaw.com
SCANNELLAW
7307 SW Beveland St. Suite 200
Tigard, Oregon 97223
Telephone: (503) 776-0806
Attorney for Plaintiffs

THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ROBERT CUTLER and NANCY CUTLER**, a married couple. **ROBERT TICE**, an individual<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>**TYTUS HARKINS**, an individual citizen of the State of Montana, **JASON WHITE**, an individual citizen of the State of Washington, **HARTMAN WRIGHT, LLC** a Georgia Limited Liability Company, **HARTMAN WRIGHT GROUP, LLC** a Colorado Limited Liability Company, **HARTMAN WRIGHT PROJECT MANAGEMENT** a Colorado Limited Liability Company, **PLEASANT HILL MHP HOLDING, LLC.,** a Georgia Limited Liability Company, **KEVIN T. CAIACCIO** a citizen of the State of Georgia, and the **CAIACCIO LAW FIRM, LLC,** and **JOHN & JANE DOES, 1 -10,** who are either natural persons or legal entities which are currently unknown to the Plaintiffs.<br><br>　　　　Defendants, | Case No: 3:18-cv-1692-BR<br><br><br><br>**PLAINTIFFS' RESPONSES TO DEFENDANTS KEVIN T. CAIACCIO AND CAIACCIO LAW FIRM, LLC'S FIRST INTERROGATORIES TO PLAINTIFFS** |

PAGE 1　　PLAINTIFFS' RESPONSES TO DEFENDANTS KEVIN T. CAIACCIO AND CAIACCIO LAW FIRM, LLC'S FIRST INTERROGATORIES TO PLAINTIFFS

Pursuant to FRCP 33, Plaintiffs Robert and Nancy Cutler, and Robert Tice ("Plaintiffs"), by and though the undersigned counsel submits these responses and objections to Defendants Kevin T. Caiaccio and Caiaccio Law Firm, LLC ("Defendants") First Interrogatories to Plaintiffs.

## PRELIMINARY STATEMENT

These responses reflect the present state of knowledge of Plaintiffs. However, investigation concerning the facts of this case is ongoing and within the responses provided subject to the right of Plaintiffs to supplement such responses in the future. Consequently, each of the following responses are given without prejudice to Plaintiffs' right to introduce documents or information discovered or deemed responsive, subsequent to the date of these responses. Further, Plaintiffs gives each of the following responses based on their own personal knowledge and belief.

These responses are made by Plaintiffs subject to, and without waiver, or in any way waiving or intending to waive: (1) all questions or objections as to competency, relevancy, materiality, privilege and admissibility as to evidence, or for any other purpose, or any of the documents referred to or attached hereto, or replies given herein, or the subject matter thereof, in any subsequent proceeding or the trial of this action or any other action; (2) the right to object to this or other discovery proceedings involved or related to the subject matter of the discovery herein replied to; and, (3) the right at any time to review, correct, add to or clarify any of the responses set forth herein or documents produced hereby. While Plaintiffs believes the responses given hereto to be correct, there is always the possibility of omission or error. These responses are thus given subject to correction of any such omission or error.

## General Objections

1. These answers are made without waiver of, and with the preservation of (i) all objections as to competency, relevancy, materiality, privilege, and admissibility of material contained or

PAGE 2    **PLAINTIFFS' RESPONSES TO DEFENDANTS KEVIN T. CAIACCIO AND CAIACCIO LAW FIRM, LLC'S FIRST INTERROGATORIES TO PLAINTIFFS**

EXHIBIT A to D. W. Silke Declaration
Page 2 of 12

referred to in each response and answer for any purpose in this or any other proceeding; (ii) the right to object to the use of any material contained or referred to in each response and answer for any purpose and upon any ground in this or any other proceeding; (iii) the right to object upon any ground at any time to any demand or request for further documents relating to the subject matters responded or answered to herein; and (iv) the right to revise, correct, supplement or clarify, if necessary, any of the responses, answers or objections contained herein.

2. Plaintiffs generally objects to these interrogatories to the extent that they purport to impose obligations beyond those imposed by the FRCP or the Court's local rules. Plaintiffs will comply with the FRCP and local rules in answering the interrogatories.

3. Plaintiffs expressly reserves the right to introduce evidence, to charge or clarify its responses as new information is learned to supplement their response(s).

4. Plaintiffs objects to these interrogatories to the extent that they seek information that is not relevant to the issues in this litigation, or are not reasonably calculated to lead to the discovery of relevant and admissible information.

5. Plaintiffs objects to these interrogatories to the extent that they purport to require Plaintiffs to provide information that is not in their possession, custody or control or seek information regarding third parties.

6. Plaintiffs objects to these interrogatories to the extent that they call for the disclosure of information subject to attorney-client privilege, work product protection, or are otherwise legally protected from discovery.

7. Plaintiffs' investigation of facts and information that may be response to Defendant's First Interrogatories is ongoing. Plaintiffs' responses set forth herein reflect the best information

PAGE 3     **PLAINTIFFS' RESPONSES TO DEFENDANTS KEVIN T. CAIACCIO AND CAIACCIO LAW FIRM, LLC'S FIRST INTERROGATORIES TO PLAINTIFFS**

EXHIBIT A to D. W. Silke Declaration
Page 3 of 12

currently available to their based on a reasonable investigation to date. Accordingly, Plaintiffs objects to the use of the terms "state with particularity" in the interrogatories and Plaintiffs expressly reserve the right to alter, amend, or supplement, their objections and/or responses as may be necessary and/or appropriate. This is particularly the case when the Interrogatory asks for "All facts that support" an allegation or contention. Discovery has just started in the case and the Plaintiffs reserves the right to support or amend their response as new information is learned.

Without waving any of the following general objections, Plaintiffs responds as follows:

**INTERROGATORY NO. 1:** Identify and describe all meetings, events, and/or seminars that you attended that were hosted, held or put on by Tytus Harkins.

**RESPONSE:** Objection, this request is overly broad pursuant to LR-33(d), unduly burdensome, and vague. Without Waiving said objections Plaintiffs' respond as follows: Plaintiffs cannot recall the exact dates, and in most cases, the exact locations of the meetings or events. Plaintiffs can state that the earliest the first meeting with Mr. Harkins could have been would be January 2015 or December 2014.

Plaintiff Tice attended one seminar in Wilsonville in or about January of 2015, and Plaintiffs Robert and Nancy Cutler attended another Seminar in Tigard/Lake Oswego in or about December of 2014 or January of 2015 where Tytus Harkins and/or Jason White described Hartman Wright Investment products. Plaintiff's attended one or more follow up presentations on Hartman Wright Investment products. These occurred in or about March 2015, May 2015, August 2015 and August 2017. Mr. Tice also attended and three or four "luncheons" at different restaurant hosted by Tytus Harkins and/or Jason White as Hartman Wright where presentations

PAGE 4     **PLAINTIFFS' RESPONSES TO DEFENDANTS KEVIN T. CAIACCIO AND CAIACCIO LAW FIRM, LLC'S FIRST INTERROGATORIES TO PLAINTIFFS**

and solicitations were given. These occurred in or about November 2016, March 2017, and August 2017.

Plaintiffs also attended several river cruises put on by Tytus Harkins and/or Jason White as Hartman Wright that were put on to provide updates to Hartman Wright Investors. These occurred in or about October 2015, August 2016, and October 2017.

**INTERROGATORY NO. 2:** Identify and describe all meetings, events, and/or seminars that you attended that were hosted, held or put on by Jason White.

**RESPONSE:** Objection, this request is overly broad pursuant to LR-33(d), unduly burdensome, and vague. Without Waiving said objections Plaintiffs' respond as follows: Plaintiffs cannot recall the exact dates, and in most cases, the exact locations of the meetings or events. Plaintiffs can state that the earliest the first meeting with Mr. Harkins could have been would be January 2015 or December 2014.

Plaintiff Tice attended one seminar in Wilsonville in or about January of 2015, and Plaintiffs Robert and Nancy Cutler attended another Seminar in Tigard/Lake Oswego in or about December of 2014 or January of 2015 where Tytus Harkins and/or Jason White described Hartman Wright Investment products. Plaintiff's attended one or more follow up presentations on Hartman Wright Investment products. These occurred in or about March 2015, May 2015, August 2015 and August 2017. Mr. Tice also attended and three or four "luncheons" at different restaurant hosted by Tytus Harkins and/or Jason White as Hartman Wright where presentations and solicitations were given. These occurred in or about November 2016, March 2017, and August 2017.

PAGE 5     **PLAINTIFFS' RESPONSES TO DEFENDANTS KEVIN T. CAIACCIO AND CAIACCIO LAW FIRM, LLC'S FIRST INTERROGATORIES TO PLAINTIFFS**

EXHIBIT A to D. W. Silke Declaration
Page 5 of 12

Plaintiffs also attended several river cruises put on by Tytus Harkins and/or Jason White as Hartman Wright that were put on to provide updates to Hartman Wright Investors. These occurred in or about October 2015, August 2016, and October 2017.

**INTERROGATORY NO. 3:** Identify and describe all meetings, events, and/or seminars that you attended that were hosted, held or put on by Hartman Wright.

**RESPONSE:** Objection, this request is overly broad pursuant to LR-33(d), unduly burdensome, and vague. Without Waiving said objections Plaintiffs' respond as follows: Plaintiffs cannot recall the exact dates, and in most cases, the exact locations of the meetings or events. Plaintiffs can state that the earliest the first meeting with Mr. Harkins could have been would be January 2015 or December 2014.

Plaintiff Tice attended one seminar in Wilsonville in or about January of 2015, and Plaintiffs Robert and Nancy Cutler attended another Seminar in Tigard/Lake Oswego in or about December of 2014 or January of 2015 where Tytus Harkins and/or Jason White described Hartman Wright Investment products. Plaintiff's attended one or more follow up presentations on Hartman Wright Investment products. These occurred in or about March 2015, May 2015, August 2015 and August 2017. Mr. Tice also attended and three or four "luncheons" at different restaurant hosted by Tytus Harkins and/or Jason White as Hartman Wright where presentations and solicitations were given. These occurred in or about November 2016, March 2017, and August 2017.

PAGE 6  **PLAINTIFFS' RESPONSES TO DEFENDANTS KEVIN T. CAIACCIO AND CAIACCIO LAW FIRM, LLC'S FIRST INTERROGATORIES TO PLAINTIFFS**

EXHIBIT A to D. W. Silke Declaration
Page 6 of 12

Plaintiffs also attended several river cruises put on by Tytus Harkins and/or Jason White as Hartman Wright that were put on to provide updates to Hartman Wright Investors. These occurred in or about October 2015, August 2016, and October 2017.

**INTERROGATORY NO. 4:** Identify and describe all meetings, events, and/or seminars that you attended that were hosted, held or put on by Pleasant Hill MHP Holding, LLC.

**RESPONSE:** Plaintiffs never attended anything specifically branded as an Pleasant Hill MHP Holding, LLC event.

**INTERROGATORY NO. 5:** Identify, by address, your principal residence.

**RESPONSE:** Plaintiff Tice: 401 NW Territorial Rd. Canby OR, 97013

Plaintiffs Robert and Nancy Cutler: 10897 SW Merlin Ct., Wilsonville, OR 97070

**INTERROGATORY NO. 6:** Identify the address where you are registered to vote.

**RESPONSE:** See response to Interrogatory No 5.

**INTERROGATORY NO. 7:** Identify the state where your vehicle(s) is/are registered.

**RESPONSE:** Oregon.

PAGE 7   PLAINTIFFS' RESPONSES TO DEFENDANTS
         KEVIN T. CAIACCIO AND CAIACCIO LAW
         FIRM, LLC'S FIRST INTERROGATORIES TO
         PLAINTIFFS

EXHIBIT A to D. W. Silke Declaration
Page 7 of 12

**INTERROGATORY NO. 8:** Identify the number and state of issuance of your driver's license.

**RESPONSE:** Plaintiff Tice: Oregon, 361019

Plaintiff Nancy Cutler: Oregon, 9435175

Plaintiff Robert Cutler: Oregon, 9435172

**INTERROGATORY NO. 9:** Identify the state in which you pay income taxes.

**RESPONSE:** Oregon.

**INTERROGATORY NO. 10:** Identify and describe any other state in which you own real property.

**RESPONSE:** Plaintiffs own no property in other states but bought securities related to other properties in Georgia.

**INTERROGATORY NO. 11:** Identify and describe all communications between you and Caiaccio Defendants.

**RESPONSE:** Objection, this request is overly broad pursuant to LR-33(d), unduly burdensome, and vague. Plaintiff Tice had email communications in 2015 with the Caiaccio defendants regarding getting "ink" versions of original documents related to the Robin's Landing Transaction sent to Equity Institutional . Defendant Kevin Caiaccio also emailed Plaintiff Tice to confirm that $1,004,000 dollars had been successfully received via wire into a bank account of

PAGE 8   **PLAINTIFFS' RESPONSES TO DEFENDANTS KEVIN T. CAIACCIO AND CAIACCIO LAW FIRM, LLC'S FIRST INTERROGATORIES TO PLAINTIFFS**

EXHIBIT A to D. W. Silke Declaration
Page 8 of 12

the Caiaccio Defendants. Defendant Kevin Caiaccio also confirmed that documents were sent to Plaintiff Tice's address in Oregon.

On information and belief, Plaintiffs also received communications in the form of wire instructions for accounts controlled by the Caiaccio Defendants. Plaintiff Tice received a letter dated March 13, 2017 from the Caiaccio Law Firm that accompanied the original Note and Subscription agreement for another transaction with Hartman Wright not described in the complaint.

Most of the documents received by plaintiffs were prepared by the Caiaccio Defendants and sent through others.

**INTERROGATORY NO. 12:** Identify and describe all documents that you received directly from Caiaccio Defendants.

**RESPONSE:** Objection, this request is overly broad pursuant to LR-33(d), unduly burdensome, and vague Plaintiff Tice received documents purporting to confirm that documents related to the Robins Landing Transaction had been sent by the Caiaccio Defendants to Equity Institutional.

**INTERROGATORY NO. 13:** Identify and describe all solicitations that you received regarding the transactions at issue in your complaint.

**RESPONSE:** Objection, this request is overly broad pursuant to LR-33(d), unduly burdensome, and vague. Plaintiffs were initially solicited to purchase Hartman Wright Securities at Seminar lead by Tytus Harkins. After this they were given one or more written prospectuses, which on information and belief were prepared by the Caiaccio Defendants. Then there were one or more

PAGE 9  PLAINTIFFS' RESPONSES TO DEFENDANTS KEVIN T. CAIACCIO AND CAIACCIO LAW FIRM, LLC'S FIRST INTERROGATORIES TO PLAINTIFFS

EXHIBIT A to D. W. Silke Declaration
Page 9 of 12

follow up presentations and various phone calls or emails with Tytus Harkins, Jason White, or agents of Hartman Wright prior to and after the purchase of Hartman Wright Securities. The money was sent to the Caiaccio Defendants from Oregon and was sent directly or through third parties.

DATED: July 3, 2019	/s/Robert Cutler_____
	Robert Cutler

DATED: July 3, 2019	/s/Nancy Cutler_____
	Nancy Cutler

DATED: July 3, 2019	/s/Robert Tice_____
	Robert Tice

DATED: July 3, 2019.

SCANNELLAW

/s/ Terry Scannell_____
Terry Scannell (OSB #853220)
7307 SW Beveland St. #200
Tigard, OR 97223
Tel: (503) 776-0806
E-mail: terry@scannellaw.com
Attorney for Plaintiffs

PAGE 10  **PLAINTIFFS' RESPONSES TO DEFENDANTS KEVIN T. CAIACCIO AND CAIACCIO LAW FIRM, LLC'S FIRST INTERROGATORIES TO PLAINTIFFS**

EXHIBIT A to D. W. Silke Declaration
Page 10 of 12

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing on the following persons on July 3, 2019, by hand-delivering, faxing, emailing, or mailing (as indicated below) to each a true copy thereof, certified by me as such, and if mailed, contained in a sealed envelope, with postage paid, addressed to said attorneys at the last known address of each shown below and deposited in the post office on said day at Portland, Oregon:

| | |
|---|---|
| David W. Silke (OSB No. 914295)<br>Gordon Rees Scully Mansukhani LLP<br>701 Fifth Avenue, Suite 2100<br>Seattle, WA 98104<br>Telephone: (206) 695-5112<br>dsilke@grsm.com<br>*Attorney for Kevin T. Caiaccio, and Caiaccio Law Firm LLC* | ☐ by hand-delivery<br>☒ by email<br>☒ by first class mail<br>☐ by UTCR 21.010(5) |
| Lowell P. McKelvey, OSB No. 993200<br>McKelvey Kozuma, PC<br>3635 SW Hood Avenue<br>Portland, OR 97239<br>Telephone: (503) 206-8122<br>Email: Lowell@mckelveykozuma.com<br>*Attorney for Defendant White* | ☐ by hand-delivery<br>☒ by email<br>☒ by first class mail<br>☐ by UTCR 21.010(5) |
| David S. Aman, OSB No. 962106<br>Aman Law LLC<br>8 North State Street, Ste 301<br>Lake Oswego, OR 97034<br>Phone: 503.810.0850<br>Email: david@amanlawpdx.com<br>*Attorney for Defendant Harkins* | ☐ by hand-delivery<br>☒ by email<br>☒ by first class mail<br>☐ by UTCR 21.010(5) |

PAGE 11  **PLAINTIFFS' RESPONSES TO DEFENDANTS KEVIN T. CAIACCIO AND CAIACCIO LAW FIRM, LLC'S FIRST INTERROGATORIES TO PLAINTIFFS**

EXHIBIT A to D. W. Silke Declaration
Page 11 of 12

Tanya Durkee Urbach (OR Bar No. 962668)
Amir Tadjedin (OR Bar No. 055613)
MARKUN ZUSMAN FRENIERE & COMPTON LLP
1500 SW First Ave, Suite 1020
Portland, Oregon 97201
Tel: 971-754-4458
turbach@mzclaw.com
atadjedin@mzclaw.com
*Attorneys for Defendants Hartman Wright Group, LLC,*
*Hartman Wright Project Management, LLC, and Pleasant*
*Hill MHP Holding, LLC*

☐ by hand-delivery
☒ by email
☒ by first class mail
☐ by UTCR 21.010(5)

DATED: Wednesday, July 3, 2019

/s/Terry Scannell
Terry Scannell, OSB #853220
7307 SW Beveland st. Suite 200
Tigard, OR 97223
T: 503-789-6866
E: terry@scannellaw.com
Attorney for Plaintiffs

PAGE 12    **PLAINTIFFS' RESPONSES TO DEFENDANTS KEVIN T. CAIACCIO AND CAIACCIO LAW FIRM, LLC'S FIRST INTERROGATORIES TO PLAINTIFFS**