# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

ROBERT CUTLER and NANCY
CUTLER, a married couple; and
ROBERT TICE, an individual,

       Plaintiffs,

v.

TYTUS HARKINS, an individual
and citizen of the State of
Montana; JASON WHITE, an
individual and citizen of the
State of Washington; HARTMAN
WRIGHT, LLC, a Georgia Limited
Liability Company; HARTMAN
WRIGHT GROUP, LLC, a Colorado
Limited Liability Company;
HARTMAN WRIGHT PROJECT
MANAGEMENT, a Colorado Limited
Liability Company; PLEASANT
HILL MHP HOLDING, LLC, a
Georgia Limited Liability
Company; KEVIN T. CAIACCIO, a
citizen of the State of
Georgia; the CAIACCIO LAW
FIRM, LLC; and JOHN & JANE
DOES, 1-10, who are either
natural persons or legal
entities which are currently
unknown to the Plaintiffs,

       Defendants.

3:18-cv-01692-BR

OPINION AND ORDER

**W. TERRY SCANNELL**
**CHRISTOPHER E. HAYES**
Law Office of Terry Scannell
7307 S.W. Beveland St., Suite 200
Tigard, OR  97223
(503) 776-0806

Attorneys for Plaintiffs

**DAVID W. SILKE**
Gordon Rees Scully Mansukhani, LLP
701 S.W. Fifth Ave., Suite 2100
Seattle, WA  98104
(206) 695-5100

Attorneys for Defendants Kevin T. Caiaccio and
the Caiaccio Law Firm, LLC

**BROWN, Senior Judge.**

This matter comes before the Court on the Second Renewed Motion (#45) to Dismiss for Lack of Personal Jurisdiction filed by Defendants Kevin T. Caiaccio and the Caiaccio Law Firm, LLC (the Caiaccio Defendants).  The Court concludes the record is sufficiently developed, and, therefore, oral argument is not required to resolve this Motion.

For the reasons that follow, the Court **GRANTS** Defendants' Motion and dismisses Plaintiffs' claims against the Caiaccio Defendants for lack of personal jurisdiction.

## BACKGROUND

The following facts are taken from the Second Amended

Complaint (#13) filed by Plaintiffs Robert Cutler, Nancy Cutler,

and Robert Tice; the Motion to Dismiss filed by the Caiaccio

Defendants; Plaintiffs' Response (#50); and the accompanying

Declarations.  The facts are construed in the light most

favorable to Plaintiffs for purposes of this Motion.  *See Harris

Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements LTD*, 328 F.3d

1122, 1129 (9th Cir. 2003).

On September 21, 2018, Plaintiff filed a Complaint (#1) in

this Court and alleged two claims for Oregon securities fraud

against all Defendants.  On January 25, 2019, Plaintiffs filed

an Amended Complaint (#8).  On February 14, 2019, Plaintiffs

filed a Second Amended Complaint (#13) in which they allege a

claim of Oregon securities fraud against all Defendants,

including the Caiaccio Defendants, and additional claims against

the other Defendants that are not alleged against the Caiaccio

Defendants.

Plaintiffs are residents of Oregon.  The Caiaccio

Defendants, consisting of an attorney and his law firm, are

residents of Georgia.  Defendant Tytus Harkins is a resident of

Montana, and Defendant Jason White is a resident of Washington.

Plaintiffs allege Harkins and White formed Defendants Hartman

Wright, LLC; Hartman Wright Group, LLC; Hartman Wright Project

Management; and Pleasant Hill MHP Holding, LLC, in order to

"develop affordable housing development[s] in Georgia and other states."

Between May 2015 and October 2015 Harkins and White sought investors, including Plaintiffs, to invest in "various Hartman Wright entities and projects." Harkins and White told Plaintiffs that they "would be investing in specific properties and that their investment funds would be used for the sole purpose of investing in those specific properties." In addition, they told Plaintiffs that "their funds would be secured by deeds of trust and . . . would only be used for a specific property." Plaintiffs made investments in the Hartman Wright projects in Georgia based on those representations.

Plaintiffs allege the representations of Harkins and White were false and misleading and that Harkins and White "either spent the investment funds for their own purposes or to fund their own projects in which the investors did not have a stake. In addition, to the extent the Hartman Wright Defendants purchased any properties they did so at prices that were either represented to be higher than they actually were or not disclosed to the investors and sold to the investors at vastly inflated prices."

Plaintiffs also allege the Caiaccio Defendants "materially aided and abetted in the sale of securities sold to the

Plaintiffs by doing the work to prepare documents that were critical to the formation of the various entities as well as the sale of actual securities that were sold to the Plaintiffs," "directly or indirectly accepted money from the various investors into [their] office account and/or trust account . . . for the sale of the securities when the investors were not clients" of the Caiaccio Defendants, and "used phones and wire communication to contact the Plaintiffs in the State of Oregon for the purposes of having the Plaintiffs invest in the Hartman Wright securities."

On March 15, 2019, the Caiaccio Defendants filed a Motion (#25) to Dismiss for Lack of Jurisdiction.

On May 1, 2019, the Court denied the Caiaccio Defendants' Motion as premature with leave to renew following completion of jurisdictional discovery.

On July 22, 2019, the Caiaccio Defendants filed a Second Renewed Motion (#45) to Dismiss for Lack of Jurisdiction. On August 26, 2019, the Court took the Second Renewed Motion under advisement.

## STANDARDS

The party seeking to invoke the personal jurisdiction of the federal court has the burden to establish jurisdiction

exists. *Melendres v. Maricopa County*, 815 F.3d 645, 649 (9th Cir. 2016)(citing *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). When "a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017)(citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).

   "The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)(citing *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). If the court makes a jurisdictional decision based only on pleadings and any affidavits submitted by the parties, "the plaintiff need make only a *prima facie* showing of jurisdictional facts." *Schwarzenegger*, 374 F.3d at 800 (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). In determining whether the plaintiff has met the *prima facie* showing, the court must assume the truth of uncontroverted allegations in the complaint. *Ochoa v. J.B. Martin and Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002). When the court rules on a defendant's motion to dismiss for lack of personal jurisdiction without holding an

evidentiary hearing, the plaintiff's version of the facts,

unless directly contravened, is taken as true, and the court

must resolve factual conflicts in the parties' affidavits in the

plaintiff's favor. *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell*

*& Clements LTD*, 328 F.3d 1122, 1129 (9th Cir. 2003).


## DISCUSSION

**I.  The Court lacks personal jurisdiction over the Caiaccio Defendants.**

**A.  Standards**

"Federal courts ordinarily follow state law in

determining the bounds of their jurisdiction over [the

defendants]." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir.

2015)(quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)).

"Oregon law authorizes personal jurisdiction over defendants to

the full extent permitted by the United States Constitution."

*Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015)

(citation omitted).  The court, therefore, must inquire whether

its exercise of jurisdiction over the defendants "comports with

the limits imposed by federal due process." *Id*.

"Due process requires that the defendant 'have certain

minimum contacts' with the forum state 'such that the

maintenance of the suit does not offend traditional notions of

fair play and substantial justice.'" *Picot*, 780 F.3d at 1211

(quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316

(1945)). "The strength of contacts required depends on which of

the two categories of personal jurisdiction a litigant invokes:

specific jurisdiction or general jurisdiction." *Ranza*, 793 F.3d

at 1068.

In this case Plaintiffs invoke specific jurisdiction.

*See* Pls.' Opp'n (#50) at 3. The Ninth Circuit employs a three-

prong test to determine whether a defendant has sufficient

minimum contacts to be subject to specific personal

jurisdiction:

> (1) [t]he non-resident defendant must
> purposefully direct his activities or consummate
> some transaction with the forum or resident
> thereof; or perform some act by which he
> purposefully avails himself of the privilege of
> conducting activities in the forum, thereby
> invoking the benefits and protections of its
> laws;
>
> (2) the claim must be one which arises out of or
> relates to the defendant's forum-related
> activities; and
>
> (3) the exercise of jurisdiction must comport
> with fair play and substantial justice, *i.e.*, it
> must be reasonable.

*Picot*, 780 F.3d at 1211 (quoting *Schwarzenegger*, 374 F.3d at

802).

Plaintiffs bear the burden of proving the first two

prongs.  *Id*.  If the plaintiffs fail "'to satisfy either of these prongs, personal jurisdiction is not established in the forum state.'"  *Morrill*, 873 F.3d at 1142 (citation omitted). If the plaintiffs satisfy both of the first two prongs, the burden shifts to the defendants to "'set forth a compelling case that the exercise of jurisdiction would not be reasonable.'" *Picot*, 780 F.3d at 1212 (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011)).

The Ninth Circuit applies a three-part "effects" test to determine whether the court has specific personal jurisdiction over a tort claim.  *Picot*, 780 F.3d at 1213-14 (citing *Calder v. Jones*, 465 U.S. 783 (1984)).  Pursuant to this test a defendant purposefully directed his activities at the forum if he:  "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Id.* at 1214.  When applying this test, the court must "look[] to the defendant's contacts with the forum State itself, not the defendant's contacts with the persons who reside there," and "mere injury to a forum resident is not a sufficient connection to the forum."  *Id.* (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).  "[A]n injury is jurisdictionally relevant insofar as it shows that the defendant has formed a

contact with the forum State."  *Id.*

B.    **Analysis**

Plaintiffs allege the Caiaccio Defendants drafted
promissory notes, subscription agreements, and deeds that other
Defendants used to sell securities in Oregon, and the Caiaccio
Defendants acted as the escrow agents for the associated
property transactions.  Plaintiffs contend the alleged violation
of Oregon securities laws by the Caiaccio Defendants is
sufficient to satisfy personal jurisdiction requirements.
Plaintiffs also contend the Caiaccio Defendants "participated or
materially aided" other Defendants in the sale of securities in
Oregon and, therefore, the Caiaccio Defendants are jointly
liable, which subjects them to the personal jurisdiction of this
Court.  *See* Or. R. Civ. P. 4J(2).

The Caiaccio Defendants contend Plaintiffs ignore the
issue of jurisdiction.  The Caiaccio Defendants note they did
not have any business contacts with Oregon, did not prepare any
prospectus or investment circulars, and were not involved in the
investments.  The Caiaccio Defendants also point out that the
conduct on which Plaintiffs base their claims against the
Caiaccio Defendants (preparing loan documents, being a
registered agent, being an attorney, and acting as an escrow
officer) all occurred in Georgia rather than Oregon.  The

Caiaccio Defendants, therefore, assert there is not any evidence

of "continuous and systematic" contacts with Oregon sufficient

to invoke specific personal jurisdiction over them.

In *Mann v. St. Laurent* this Court stated:

> The requirement of purposeful availment ensures
> that a defendant cannot be sued in a jurisdiction
> based on only fortuitous or attenuated contacts
> with that jurisdiction.  A defendant's conduct
> and connection with the forum state must be such
> that the defendant can reasonably anticipate
> being haled into court there.  Purposeful
> availment analysis examines whether the
> defendant's contacts with the forum are
> attributable solely to his own actions or are
> solely the actions of the plaintiff.  Therefore,
> a defendant must have performed some type of
> affirmative conduct which allows or promotes the
> transaction of business within the forum state.

229 F. Supp. 2d 1133, 1136 (D. Or. 2002)(citations and

quotations omitted).

Here the Caiaccio Defendants are a Georgia firm that

was retained in Georgia to perform legal services related to

real-estate transactions in Georgia.  The Caiaccio Defendants

admit they prepared documents related to real-estate

transactions in Georgia, but there is not any evidence that the

Caiaccio Defendants performed any of these services in Oregon.

Although Plaintiffs acknowledge the Caiaccio

Defendants did not solicit funds from them and that Plaintiffs

never met Defendant Kevin Caiaccio, they point to the wiring

instructions attached as an exhibit to Plaintiffs' Second

Amended Complaint as support to their claims.  These

instructions, however, were directed to Wells Fargo Bank in San

Francisco, California, rather than to anyone in Oregon.  The

Caiaccio Defendants acknowledge they had communications with

Plaintiffs by telephone or email in Oregon to confirm receipt of

escrow funds and to advise where to send final documents.

Nevertheless, the Caiaccio Defendants contend, and this Court

agrees, such communications were a *de minimus* part of the

transactions.

Even if the minimal contacts in this case were

sufficient to establish purposeful availment, the Court

concludes the balancing of the other factors that determine

whether it is reasonable to exercise personal jurisdiction over

the Caiaccio Defendants would establish such exercise of

jurisdiction over the Caiaccio Defendants is unreasonable.  *See*

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985).

*See also Collegesource, Inc. v. Academyone, Inc.*, 653 F.3d,

1066, 1079 (9th Cir. 2011).

On this record the Court concludes Plaintiffs have

failed to prove the Caiaccio Defendants purposefully directed

their activities, consummated transactions, or performed any act

in Oregon by which they availed themselves of the privilege of

conducting business in Oregon.  Accordingly, this Court

concludes it does not have personal jurisdiction over the

Caiaccio Defendants.


### **CONCLUSION**

For these reasons, the Court **GRANTS** the Caiaccio

Defendants' Second Renewed Motion (#45) to Dismiss and **DISMISSES**

Plaintiffs' claims alleged against them.

IT IS SO ORDERED.

DATED this 10th day of September, 2019

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge