IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ROBERT CUTLER** and **NANCY WHITE**, a married couple, and **ROBERT TICE**, an individual,<br><br>          Plaintiffs,<br><br>   v.<br><br>**TYTUS HARKINS**, an individual citizen of the State of Montana, **JASON M. WHITE**, an individual citizen of the State of Washington, **HARTMAN WRIGHT, LLC**, a Washington limited liability company, **HARTMAN WRIGHT GROUP, LLC**, a Colorado limited liability company, **HARTMAN WRIGHT GROUP, LLC**, a Georgia limited liability company, **HARTMAN WRIGHT PROJECT MANAGEMENT**, a Colorado limited liability company, **PLEASANT HILL MHP HOLDINGS, LLC**, an unknown entity, and **ONE SIXTEEN GROUP, LLC**, a Georgia limited liability company,<br><br>          Defendants. | Case No. 3:18-cv-01692-IM<br><br>**OPINION AND ORDER** |

**IMMERGUT, District Judge.**

The matter comes before the Court on three motions to compel: Plaintiffs' Motion to Compel Answers to Interrogatories by Defendants Jason White ("White") and Tytus Harkins ("Harkins"), ECF 94; Plaintiffs' Motion to Compel the Production of Documents by Defendant White, ECF 96; and Plaintiffs' Corrected Motion to Compel the Production of Documents by Defendant Harkins, ECF 98.[1] Plaintiffs' counsel certifies that he has repeatedly conferred with counsel for Defendant White and with pro se Defendant Harkins, and that all three motions are opposed. ECF 94 at 2; ECF 96 at 2; ECF 98 at 2. In all three motions, Plaintiffs seek reasonable attorney costs and fees for having to bring the motion pursuant to Federal Rule of Civil Procedure 37(a)(5). ECF 94 at 2; ECF 96 at 2; ECF 98 at 2.

Defendant White through counsel and Harkins proceeding pro se have filed responses to these motions. *See* ECF 101, 104, 109, 115. The Court held oral argument on the motions on August 12, 2021. ECF 113. The Court ordered parties to submit a joint status report ("JSR") clarifying the status of discovery by September 8, 2021, ECF 122, and ordered parties to submit a second JSR identifying and listing any remaining, unresolved issues on which they seek a

---

[1] The Corrected Motion, ECF 98, appears to be a correction of Plaintiffs' pending motion to compel against Defendant Harkins, ECF 81. *Compare* ECF 81 at 2 (seeking complete productions in response to Request Nos. 1–4, 7–14, and 17), *with* ECF 98 at 2 (seeking same).

Following the filing of ECF 81, the Court granted a motion by Harkins's counsel to withdraw due to an actual conflict. ECF 82. In light of that, the Court noted that it would not consider the pending motion until new counsel had an opportunity to confer with Plaintiffs and respond. *Id*. Harkins has elected to proceed pro se, and Plaintiffs filed this "corrected" motion as to Defendant Harkins. ECF 98.

The Court treats the corrected motion, ECF 98, as the operative motion to compel the production of documents as to Harkins. Accordingly, Plaintiffs' first motion to compel the production of documents as to Harkins, ECF 81, is DENIED as moot.

PAGE 2 – OPINION AND ORDER

ruling from this Court, ECF 129. Parties have timely submitted both reports. ECF 123 ("first JSR"); ECF 130 ("second JSR").

The second JSR identifies three broad areas on which the parties seek a ruling: the organization of documents, the production of documents from additional financial accounts, and the response to interrogatories. *See generally* ECF 130. Aside from the interrogatories, this JSR did not identify specifically which portions of which pending motions remain unresolved. The Court has endeavored to review the numerous requests at issue across the multiple pending motions to identify those specific requests which remain outstanding per the second JSR. The Court's review, based on the second JSR, indicates that the following portions of the following motions to compel remain at issue: (1) interrogatories 1 and 2 (ECF 94); and (2) request for production motions 3, 4, 7, and 12, which relate to requests 3, 4, 9, and 14, respectively (ECF 96, Ex. 6, at 56, 58, 62, 68; ECF 98, Ex. 6, at 57, 59, 63, 69). Accordingly, this Court limits its discussion and rulings to these requests and interrogatories and DENIES any other requests as moot.

The second JSR requests oral argument. ECF 130 at 1. Because the Court has decided that additional oral argument would not assist in the resolution of this matter, and noting the opportunity for argument on August 12, 2021, ECF 113, the parties' requests for additional oral argument is DENIED. For the following reasons, Plaintiffs' Motions to Compel, ECF 94, 96, 98, are GRANTED IN PART and DENIED IN PART.

## BACKGROUND

This is primarily a securities fraud case under the Oregon Blue Sky Law, ORS Chapter 59. ECF 90 at 10. Plaintiffs assert various claims against Defendants, all alleging that Defendants raised funds from the Plaintiffs and other investors "based upon a series of false and misleading statements." *Id*. at 2. Plaintiffs allege that Defendants communicated to Plaintiffs that Defendants

PAGE 3 – OPINION AND ORDER

"sought to find distressed or undervalued mobile home parks, purchase them using the Plaintiffs' money, make capital improvements, and then sell them for a profit or refinance the deals within three years." *Id.* at 3. Plaintiffs allege that contrary to Defendants' representations to Plaintiffs, Defendants diverted Plaintiffs' funds for undisclosed purposes, including using some of the investors' funds to make Ponzi-like payments to other investors. *Id.* Plaintiffs allege that the Individual Defendants in this case "have hidden, diverted, or used the proceeds to enrich themselves or their family members in the hope the Individual Defendants will not be caught given the complexity of the web of corporate entities they have strung together." *Id.* at 2. According to Plaintiffs, Plaintiffs' and other investors' funds were "diverted into a labyrinth of some 70 corporate entities . . . and among at least 20 bank accounts." *Id*. Plaintiffs seek economic damages of over $2 million and punitive damages of over $7 million. *Id*. at 36–38.

## LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties may discover any unprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Pre-trial discovery is "accorded a broad and liberal treatment." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

## DISCUSSION

As stated above, Plaintiffs seek various responses to their Requests for Productions and Interrogatories. *See* ECF 94, 96, 98. The Court now resolves the three broad areas on which the parties seek a ruling, as identified in the second JSR. *See* ECF 130. First, Plaintiffs identify a dispute regarding the Bates stamping and categorization of documents. *Id*. at 3–7. Second, parties dispute the extent to which Defendant is required to produce certain financial records to Plaintiffs. *Id*. at 7–12. Finally, Plaintiffs seek responses to Interrogatories 1 and 2. *Id*. at 12–14.

PAGE 4 – OPINION AND ORDER

**A. Bates Stamping and Categorization**

As explained in the second JSR, Defendants have produced a variety of documents to Plaintiffs, some of which are Bates stamped, categorized, or neither stamped nor categorized. Defendants initially produced six production sets between August 2020 and May 2021, containing 15,461 Bates stamped pages and 13,963 pages of "native" format documents. *Id*. at 3–4. On October 1, 2021, Defendants provided Plaintiffs with "a list of the Bates stamped documents that tie back to Plaintiffs['] Request for Production for the first 15,461 files." *Id.* at 6. The remaining 13,963 pages of native documents were not so categorized. *Id*. Plaintiffs themselves Bates stamped these remaining 13,963 native pages, converted them to PDF format, and sent those stamped pages to Defendant White. *Id*. at 4. White represented these documents would be categorized as of October 22, 2021.

Defendants also produced two "USB thumb drives," which collectively contain 661,737 data files—one drive contains emails and the other appears to contain the SEC-related documents except for the SEC witness statements. *Id*. at 5. As of the submission of the second JSR, the files contained on the USB drives were Bates stamped but were not categorized. *Id*. at 6. It appears counsel for Defendant White has requested assistance is doing so from Plaintiffs' counsel. *Id*.

In the first JSR, Defendants represented that "after meaningful conferral [parties] have agreed that all the Defendant's original 29,397 documents will be [Bates] stamped and sorted by Request no later than October 1, 2021." ECF 123 at 4. Additionally, they agreed that all of the USB drive documents "will be [B]ates stamped (with the exclusion of QuickBooks databases and other native format documents that the parties may agree do not require [B]ates numbers) and sorted by Request no later than October 1, 2021." *Id*. at 5. Moreover, Federal Rule of Civil Procedure 34(b)(2)(E), which addresses the production of documents or electronically stores

PAGE 5 – OPINION AND ORDER

information, provides that unless otherwise ordered by the court, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request . . . [and] a party must produce [electronically stored information] in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms . . . ." Fed. R. Civ. P. 34(b)(2)(E). The uncontradicted information provided in the second JSR indicates that except for the initial set of 15,461 documents, the remaining documents contained within the initial production and those on the USB drives have not been adequately categorized pursuant to either Defendants' representations to this Court, ECF 123, or Rule 34(b)(2)(E).

To the extent that Defendants have not already done so, the Court ORDERS Defendants to properly sort these remaining documents by request no later than **December 1, 2021.** If defense counsel requires Plaintiffs' counsel's assistance to do so, and Plaintiffs' counsel provides such assistance, the Court will consider Plaintiffs' request for reasonable fees.

**B. Production of Financial and Other Documents**

   **1. Financial Accounts**

Plaintiffs contend that Defendants have willfully failed to provide numerous documents including records from over eighty financial accounts undisclosed to Plaintiffs and sworn SEC statements, which were omitted from the USB drive containing the SEC production. ECF 130 at 5, 7. Plaintiffs argue that they "have identified the accounts and made the Defendants aware of these accounts in writing," but Defendants refuse to produce these documents. *Id*. at 7. Plaintiffs argue that, and Defendants do not appear to contradict that, Defendants White and Harkins are signatories to the accounts, have a legal right to obtain documents from the accounts, and control

the accounts. *Id*. at 9–10. However, Defendants failed to provide these documents in response to Plaintiffs' requests. *Id*.[2]

The Court's review of the pending motions indicates that this dispute centers on motions 3, 4, and 7, which relate to requests 3, 4, and 9, respectively. ECF 96, Ex. 6, at 56, 58, 62; ECF 98, Ex. 6, at 57, 59, 63.

### a. Motion Three (Request No. Three)

Plaintiffs' third request was: "FINANCIAL RECORDS—All Documents and ESI in Your Care, Custody, or Control relating to FINANCIAL RECORDS for accounts identified in your responses to Interrogatories 1 and 2." ECF 96, Ex. 6, at 56; ECF 98, Ex. 6, at 57.

White's response initially was that he would "produce bank records for the listed accounts to the extent he is able to locate and/or obtain them with reasonably diligent efforts." ECF 96, Ex. 6, at 56. Harkins provided the same response. ECF 98, Ex. 6, at 57. In their motion to compel, Plaintiffs states that White and Harkins committed to answering the interrogatories once a protective order had been put in place and such a protective order was put in place. *Id*. at 58; ECF 96, Ex. 6, at 57. However, Plaintiffs contends that neither Defendant has fully responded to the interrogatories or this request. ECF 96, Ex. 6, at 57–58; ECF 98, Ex. 6, at 58–59. In response to the motion to compel, White states that he "recently provided those responses." ECF 104 at 3. Harkins responds that "Defendants HAVE completed the delivery of documents as requested." ECF 115 at 2.

---

[2] Defendant Harkins asserts that all relevant financial documents are contained on the USB drives. ECF 130 at 10.

PAGE 7 – OPINION AND ORDER

### b. Motion Four (Request No. Four)

Plaintiffs requested: "PAYMENTS AND TRANSFERS FROM BUSINESS ENTITIES – All DOCUMENTS and ESI in your Care, Custody, or Control that evidence payments and/or transfers of funds or assets to YOU from a business entity or as a result of the activities of a business entity of which you are an owner, member, employee, and/or board member, including without limitation HARTMAN WRIGHT relating to the SUBJECT SECURITIES." ECF 96, Ex. 6, at 58; ECF 98, Ex. 6, at 59.

White's initial response was that that he would "produce documents sufficient to show payments and/or transfers of funds involving business entities only to the extent the payments and/or transfers directly relate to Plaintiffs and/or funds from Plaintiffs." ECF 96, Ex. 6, at 59. Harkins's initial response was the same. ECF 98, Ex. 6, at 60. Plaintiffs' motion, ECF 96, and White's response, ECF 104, largely focus on the existence of QuickBooks records. It appears from the second JSR that these QuickBooks records have since been produced. ECF 130 at 5 (stating the SEC drive contains "58 QuickBooks data files plus other QuickBooks supporting files"). However, these records appear to be password protected, such that Plaintiffs are unable to access them. *See* ECF 135, Second Scannell Decl., at 3.

### c. Motion Seven (Request No. Nine)

Plaintiffs' ninth request was: "TRANSACTIONS – DOCUMENTS and ESI related to all financial transactions related to HARTMAN WRIGHT relating to the SUBJECT SECURITIES." ECF 96, Ex. 6, at 62; ECF 98, Ex. 6, at 63.

Both White and Harkins initially responded by directing Plaintiffs to their responses to request 4 and that "[n]o additional responsive documents will be produced." ECF 96, Ex. 6, at 62; ECF 98, Ex. 6, at 63. In their motion to compel, Plaintiffs state that Defendants White and Harkins only produced "select personal financial statements" which revealed "evidence of

PAGE 8 – OPINION AND ORDER

additional bank accounts." ECF 96, Ex. 6, at 62; ECF 98, Ex. 6, at 63. Further, no records of these newly discovered accounts have been produced, and often the production included only a few months' worth of financial statements. ECF 96, Ex. 6, at 62; ECF 98, Ex. 6, at 63. Plaintiffs also raised the issue of QuickBooks files. ECF 96, Ex. 6, at 62–63; ECF 98, Ex. 6, at 63–64.

In response to the motion, White argues that "none of the defendants have access to the Hartman Wright QuickBooks account or data anymore." ECF 104 at 4. White states that with "regard to other financial information, hundreds of pages of bank statements have already been produced." *Id*. However, as stated above, it appears that as of the second JSR, these QuickBooks files have been produced, but that due to password protection, Plaintiffs are unable to access them. *See* ECF 130 at 5; ECF 135, Second Scannell Decl., at 3.

### d. Court Order

The Court finds that, though Defendants White and Harkins indicated in their initial responses and responses to the motion to compel that certain documents would be provided, *see, e.g.*, ECF 104 at 4, and the issue regarding QuickBooks appears to be partially resolved, *see* ECF 130 at 5, based on the second JSR, it is clear that these Defendants have failed to respond completely and accurately to the requests at issue.

The documents Plaintiffs seek—related to financial accounts Defendants control or from which they have a legal right to obtain documents—are responsive to their requests and relevant to this litigation. Defendants appear not to have made an effort to obtain and produce these financial account documents. *Id*. at 9–10. Additionally, while Defendants have provided QuickBooks records, they have not provided Plaintiffs with the ability to access these records. ECF 135, Second Scannell Decl., at 3. These documents relevant to the litigation and Plaintiffs' requests are within the scope of Rule 26 and the requests, as clarified in the JSRs and at oral argument, are permissible. *See* Fed. R. Civ. P. 26(b)(1) (stating that parties "may obtain

PAGE 9 – OPINION AND ORDER

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). Rule 37 is clear that an incomplete disclosure in response to a discovery request must be treated by the court as a failure to answer. Fed. R. Civ. P. 37(a)(4). Defendants' document productions are incomplete, and the Court regards them as a failure to produce documents under Rule 34. Accordingly, there is good cause to grant the motion.

The Court ORDERS Defendants White and Harkins to produce these responsive documents from those financial accounts over which Defendants have control, including those accounts associated with business entities and personal accounts, no later than **December 1, 2021**. Further, White and Harkins are ORDERED to provide Plaintiffs with access to the QuickBooks records by **November 12, 2021**.

### 2. Tax Returns

The Court's review of the pending motions indicates that this dispute centers on motion 12. ECF 96, Ex. 6, at 68; ECF 98, Ex. 6, at 69.

#### a. Motion Twelve (Request No. Fourteen)

Plaintiffs requested: TAX RETURNS – All of YOUR Tax Returns and all DOCUMENTS related to your Tax Returns.

Both Defendants White and Harkins initially responded that they object to this request because "it seeks information that is not relevant to this case and that is confidential." ECF 96, Ex. 6, at 68; ECF 98, Ex. 6, at 69. Subsequently, parties agreed to a relevant date range, and Defendants agreed to produce their tax returns once filed. *See* ECF 104 at 6; *see also* ECF 123 at 6.

As of the second JSR, Defendants Harkins and White have provided tax returns for 2012 through 2015. ECF 130 at 12. In the first JSR, Defendants represented that they are "currently

PAGE 10 – OPINION AND ORDER

working . . . to prepare their 2016 through 2021 tax returns. When those are completed they will be produced to the Plaintiffs. Both Defendants will produce any personal or entity tax returns that are complete to the Plaintiffs no later than October 1, 2021." ECF 123 at 6. Defendant White "continues to . . . prepare the tax records for 2016 to present" as of the second JSR. ECF 130 at 12. There is no indication as to Defendant Harkins's progress on producing the tax records.

### b. Court Order

The Court ORDERS Defendants to confer with Plaintiffs regarding their progress on filing the tax returns for the years 2016 to 2021. Pursuant to parties' agreement in the first JSR, Defendants are ORDERED to provide all personal and entity tax returns during this time period to the extent they exist; for any tax returns that have not yet been filed, Defendants are ORDERED produce the tax returns to Plaintiffs no later than **seven (7) days** after the tax returns are filed.

## C. Interrogatories Nos. 1 and 2

Plaintiffs continue to seek complete responses to Interrogatories 1 and 2. *Id.* at 12. Plaintiffs served Defendants Harkins and White with interrogatories on November 27, 2019. ECF 94 at 3. The only two interrogatories request:

> **REQUEST NO. 1**: Please identify by institution name and last 5 digits of the account number each FINANCIAL ACCOUNT in which funds derived from the SUBJECT SECURITIES were deposited, including without limitation, FINANCIAL ACCOUNTS of YOUR Attorneys, representatives, agents, or other third parties.
>
> **REQUEST NO. 2**: Please identify by institution name and last 5 digits of the account number each FINANCIAL ACCOUNT in which funds derived from the SUBJECT SECURITIES were transferred, including without limitation, FINANCIAL ACCOUNTS of YOUR Attorneys, representatives, agents, or other third parties.

PAGE 11 – OPINION AND ORDER

*Id*. Though progress has been made to agree on a definition of "Subject Securities," ECF 123 at 5, Plaintiffs contend Harkins and White have failed to fully respond to these interrogatories. ECF 130 at 12–14.

Plaintiffs contend that they "are without sufficient information to confirm whether Defendant White's supplemental answers to Interrogatory 1 are complete." *Id*. at 12. Though not explicitly stated, it appears that Defendant Harkins has not satisfactorily responded to this interrogatory as well. *See id*. at 14.

As to interrogatory 2, Defendant Harkins has not responded to this interrogatory, nor has he attested to Defendant White's response. *Id.* at 13. Defendant White has responded, but Plaintiffs "contend that [his] answers are still not accurate" because he has failed to account for the financial accounts identified by Plaintiffs. *Id*. Defendant White requests that this Court determine whether a de minimis threshold should apply to his response. Additionally, he requests the Court to determine, "if investor money was used to pay employee salaries or other operating expenses," that records related to those transactions be deemed sufficient to respond on the basis they allow Plaintiffs to "follow the money." *Id*. at 3.

1. **Court Order**

Defendants are ORDERED to respond completely to Interrogatories 1 and 2 based on all responsive financial accounts no later than **December 1, 2021**. This information is relevant to the litigation and Plaintiffs' interrogatory falls within the scope of Rule 26. *See* Fed. R. Civ. P. 26(b)(1) (stating that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). Rule 37 is clear that an incomplete disclosure in response to a discovery request must be treated by the court as a failure to answer. Fed. R. Civ. P. 37(a)(4). Plaintiffs' interrogatory requests were not impermissibly broad and sought discoverable material. Defendants' answers are incomplete

PAGE 12 – OPINION AND ORDER

disclosures, and the Court regards them as a failure to answer Plaintiffs' interrogatory requests submitted under Rule 33. *See* ECF 94, Ex. 2, at 29–30, 35–36; ECF 102-1 at 2. Accordingly, there is good cause to grant the motion.

To the extent this requires Defendants to review and restate prior responses, this Court SO ORDERS. The Court will not impose a de minimis threshold—the responses should account for all transfers. *See* ECF 130 at 3. The Court also clarifies that already-produced records that purport to allow Plaintiffs to "follow the money" are not sufficient to respond. *See id*.

Finally, cognizant of Defendant Harkins's pro se status and Plaintiffs' requested relief, Defendant Harkins is permitted to attest to Defendant White's responses to Interrogatory 1 and 2 within 48 hours of Defendant White's response, or to jointly respond with Defendant White.

### D.  Rule 26 Disclosures

Plaintiffs did not waive their Rule 26 disclosures. Defendants Hartman Wright Group, LLC, Hartman Wright Project Management, LLC, and Pleasant Hill MHP Holding, LLC submitted their Rule 26 disclosures to Plaintiffs on November 8, 2019. *See* ECF 131, Ex. C. Plaintiffs contend that Defendants have failed to supplement their Rule 26 disclosures and to produce documents they know exist and over which they have control.

Rule 26(e) requires that:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court.

Fed. R. Civ. P. 26(e). This rule creates an obligation in this case to supplement Rule 26 disclosures and responses to accurately reflect all the relevant financial accounts and entities.

PAGE 13 – OPINION AND ORDER

The second JSR did not include Harkins's and White's Rule 26 disclosures; rather it included only those for Defendants Hartman Wright Group, LLC, Hartman Wright Project Management, LLC, and Pleasant Hill MHP Holding, LLC. Unable to confirm the contents of Harkins's and White's disclosures, the Court declines to order these Defendants to supplement their disclosures; however, the Court reminds Harkins and White, as well as *all* Defendants in this litigation, of their duty under Rule 26(e).

### E. Plaintiffs' Requested Fees

Plaintiffs' request that Defendants pay Plaintiffs' reasonable attorney's fees and costs associated with the need to prepare a second motion to compel and the second JSR; associated with the issuance of third-party subpoenas for documents Defendants were obligated, but failed to, produce; associated with the organization of Defendants' productions that had not been Bates stamped and sorted; and awarded by the Court and found to be reasonable prior to the Defendants filing any response to Plaintiffs' dispositive motions. ECF 130 at 15 (requesting fees pursuant to Rules 26(e), 26(g), and 37(a)(5)); *see also* ECF 94 at 2 (requesting fees pursuant to Rule 37(a)(5)(A)); ECF 96 at 2 (requesting fees pursuant to Rule 37(a)(5)); ECF 98 at 2 (same).

Rule 26(g)(3) provides that if certification of disclosures and discovery requests, responses, and objections violate Rule 26 "without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3). Under Rule 37(a)(5)(A), "[i]f the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney

advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Fees should not be awarded under Rule 37 if the party seeking fees "filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," the nondisclosure was "substantially justified," or "other circumstances make an award of expenses unjust." *Id*. If the motion is granted in part and denied in part, the court may "after giving an opportunity to be heard, apportion the reasonable expenses of the motion." *Id*. at 37(a)(5)(C).

Plaintiffs claim they are entitled to fees and expenses due to Defendants' failures of production and disregard of their obligations under the Federal Rules. *See* ECF 94 at 6 (arguing for fees under Rule 37(a)(5)(A) because "Defendants' flagrant disregard of its obligation to answer interrogatories is subject to sanctions under [Rule] 37"); ECF 130 at 8 (describing failure to produce as willful). As to the interrogatories, White states that the delay in answering was justified given the multiple substitutions of counsel and the volume of production in this case. He notes that Defendants have produced hundreds of pages of bank statements, and over 15,000 pages of documents in all, prior to White's current counsel becoming involved. ECF 101 at 3. White states that his current counsel "attempted to stay in good contact with Plaintiffs' counsel and expressed that supplemental answers to Plaintiffs' interrogatories would be forthcoming. At no time was it indicated that White would object to or refuse to answer Plaintiffs' interrogatories." *Id.* at 2–3. White also attempted to answer the interrogatories in responding to Plaintiffs' motion by providing supplemental answers, though this Court concludes that Plaintiffs are entitled to more information as explained above. *See* ECF 102-1 at 2–3. However, unlike Defendant White, Defendant Harkins has not provided any justification or excuse for not

responding to Plaintiffs' interrogatories and has not attempted to provide any further answers since his initial inadequate answer.

While the Court acknowledges that White had multiple changes of counsel and has produced some documents and provided some responses, and that Harkins has elected to proceed pro se following his prior counsel's withdrawal for an actual conflict, Defendants' conduct has been dilatory, and Defendants have been resistant to producing clearly responsive documents. *See generally* ECF 130. Defendant Harkins has failed to appear for parties' conferrals. *See id.* at 2 (noting Harkins's failure to appear at the October 14, 2021 conferral "despite having it rescheduled three times for him"). In light of this conduct, the Court finds that Harkins's and White's resistance to fully and accurately responding to interrogatories and producing documents and to providing Plaintiffs with documents in a reasonably useable form, forced Plaintiffs to file multiple motions to compel and improperly delayed this case. The Court finds that none of the exceptions in Rule 37(a)(5)(A) apply in this case, and thus costs are warranted under Rule 37(a)(5)(A) and (a)(5)(C).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motions to Compel, ECF 94, 96, and 98, are GRANTED IN PART and DENIED IN PART. Plaintiffs' Motion to Compel Answers to Interrogatories, ECF 94, is GRANTED. Plaintiffs' Motions to Compel the Production of Documents, ECF 96, 98, are GRANTED IN PART and DENIED IN PART. As stated above, because parties were directed to identify the outstanding issues requiring a court ruling in the second JSR, any requests or motions not identified in the second JSR and not addressed in this Opinion are DENIED as moot. Finally, Plaintiffs' first motion to compel production by Defendant Harkins, ECF 81, is DENIED as moot.

Because this Court finds that an award of attorney's fees and costs is appropriate, Plaintiffs are ordered to file briefs and accompanying materials addressing the amounts requested and bases for the requests by **December 6, 2021**. Defendants White and Harkins must file their responses within seven days of the filing of Plaintiffs' briefs. No replies will be permitted without leave.

**IT IS SO ORDERED**.

DATED this 10th day of November, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge