IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ROBERT CUTLER** and **NANCY CUTLER**, a married couple, and **ROBERT TICE**, an individual, | Case No. 3:18-cv-01692-IM |
| Plaintiffs, | **ORDER** |
| v. | |
| **TYTUS HARKINS**., an individual citizen of the State of Montana, **JASON M.WHITE**, an individual citizen of the State of Washington, **HARTMAN WRIGHT, LLC**, a Washington limited liability company, **HARTMAN WRIGHT GROUP, LLC**, a Colorado limited liability company, **HARTMAN WRIGHT GROUP LLC**, a Georgia limited liability company, **HARTMAN WRIGHT PROJECT MANAGEMENT**, a Colorado limited liability company, **PLEASANT HILL MHP HOLDINGS, LLC**, an unknown entity, **ONE SIXTEEN GROUP, LLC**, a Georgia limited liability company, | |
| Defendants. | |

**IMMERGUT, District Judge.**

This matter comes before the Court on a Motion for Attorney's Fees filed by Plaintiffs pursuant to Federal Rule of Civil Procedure 37(a)(5). ECF 146. Plaintiffs seek an award of $96,564.42 in attorney's fees incurred in bringing their motions to compel, ECF 81, 94, 96, 98, which

PAGE 1 – ORDER

were granted in part and denied in part, ECF 139. ECF 146 at 3. Defendant White contends the fees are "unreasonable and excessive," and asks the Court to discount the amount requested by at least $45,327.50. ECF 147 at 2. Defendant Harkins requests that this Court deny the motion or significantly reduce the fee award. ECF 149. For the reasons set forth below, this Court GRANTS IN PART and DENIES IN PART the motion, and awards costs and fees totaling $47,727.08.[1]

Federal Rule of Civil Procedure 37(a)(5)(C) provides that when a motion to compel is granted in part and denied in part, the Court "may . . . apportion the reasonable expenses for the motion." The text of the rule suggests that only time spent preparing the motion is compensable. *See Berryhill v. Johnson*, No. SACV 11-1468-AG (RNBx), 2012 WL 13020328, at *2 (C.D. Cal. July 19, 2012). The Court must independently review fee requests "to assure that attorney's fees are fair and proper, independently of any objection." *Relion, Inc. v. Hydra Fuel Cell Corp.*, No. CV06-607-HU, 2007 WL 2984124, at *1 (D. Or. Oct. 10, 2017). "Although the district court's calculation of an award need not be done with precision, some indication of how it arrived at its figures and the amount of the award is necessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986). To determine reasonable attorney's fees, the Court calculates the lodestar figure by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Under Rule 37(a)(5), it is generally unreasonable to award attorney's fees for time spent on clerical tasks, duplicative filings, and discovery analysis, and courts may discount fee awards for time that is block billed. *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). However, "Oregon law clearly allows the recovery of fees for services provided in conjunction with the recovery of underlying fees," such as

---

[1] This Court finds oral argument would not be helpful to the Court's resolution of this matter, and denies the parties' request for oral argument. *See* LR 7-1(d)(1).

preparing a motion for attorney's fees. *Wentz v. Progressive Direct Ins. Co.*, No. 3:21-CV-00473-MO, 2021 WL 5798048, at *2 (D. Or. Dec. 6, 2021); *see also Welch*, 480 F.3d at 950 (9th Cir. 2007).

"It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019). The appropriate hourly rate "must be consistent with the prevailing market rate in . . . the jurisdiction where the court sits." *Relion, Inc.*, 2007 WL 2984124, at *1. "The court determines what a lawyer of comparable skill, experience, and reputation could command in the relevant community." *Frevach Land Co. v. Multnomah Cnty.*, No. CV-99-1295-HU, 2001 WL 34039133, at *18 (D. Or. Dec. 18, 2001); *see also Bird v. Oregon Comm'n for the Blind*, No. 3:18-cv-01856-YY, 2021 WL 7709970, at *2 (D. Or. Aug. 11, 2021) (explaining the court "uses the most recent Oregon State Bar Economic Survey as a benchmark" to determine attorneys' hourly rates, and uses the National Utilization and Compensation Survey Report ("NALA Report") to determine paralegal rates).

Plaintiffs ask the Court to award attorney's fees for 364.65 hours spent on various tasks pursuing this litigation. ECF 146-5 at 4. After reviewing Plaintiffs' counsel's time logs, the Court finds that 164.44 hours were reasonably expended to prepare Plaintiffs' motions to compel and motion for attorney's fees, while the rest of the time was spent on tasks that are not compensable under Rule 37(a)(5).

Of the 16.08 hours Plaintiffs seek for work on their Motion to Compel Answers to Interrogatories, ECF 146-5 at 1, this Court finds that 9.08 hours are compensable, because the other listed time was spent on discovery analysis and clerical tasks. Plaintiffs seek fees for 20.47 hours of work for their Motion to Compel Discovery from Defendant White, ECF 146-5 at 1; this Court finds that 7.92 hours are compensable, because those hours were spent preparing the motion rather than conducting discovery analysis. This Court awards .25 hours for work on the Corrected Motion to Compel Discovery to Defendant Harkins; Plaintiffs seek fees for 6.75 hours of work on this, ECF 146-5 at 1, but this motion is nearly identical to an earlier motion filed by Plaintiffs. *Compare* ECF

PAGE 3 – ORDER

96, with ECF 98. Of the 9.1 hours Plaintiffs seek for time multiple attorneys spent to review Defendants' responses to their Motions to Compel, ECF 146-5 at 1, this Court finds 1.5 hours reasonably compensable. Only one attorney needed to review these documents, the combined length of which is less than ten substantive pages. Plaintiffs seek fees for 40.97 hours of work on the August 12th Hearing Scheduling Order. ECF 146-5 at 1. The Court finds that 26.12 hours were spent preparing for the hearing, while the other listed time was spent on discovery analysis, internal communication, or clerical tasks. The Court reduces two relevant block-billed items by 25%, for a total of 24.5 hours reasonably expended preparing for the hearing. Plaintiffs seek fees for 130.9 hours of work on two Joint Status Reports and "follow-up" tasks. ECF 146-5 at 1–3. This Court finds that 62.65 of these hours were documented in pursuit of Plaintiffs' motions to compel rather than discovery analysis that would have had to be done absent the motions. Plaintiffs seek fees for 39.70 hours of work on a Motion to Extend Case Deadlines. ECF 146-5 at 3. This Court reduces one entry by 25% for block billing, deducts time on duplicative work, and finds 20.7 hours compensable because they were spent on the motion rather than discovery tasks. As for Plaintiffs' Motion for Attorney's Fees, counsel reasonably expended 37.84 hours of the 38.84 hours requested; the Court deducts one hour spent by a legal assistant to review a document already reviewed by attorneys. ECF 146-5 at 3–4. This Court declines to award fees for work drafting and filing subpoenas to various banks and other entities. ECF 146-5 at 3.

  Plaintiffs request fees for work performed by two attorneys, a paralegal, and two legal assistants. ECF 146-1. This Court refers to the most recent Oregon State Bar Economic Survey ("OSB Survey") for attorney hourly rates and the NALA Report for paralegal hourly rates.[2]

---

[2] The OSB Survey reported average hourly rates of $413 and $282 for attorneys with over thirty years and with seven to nine years of experience in the Portland area, respectively. OREGON STATE BAR, 2017 ECONOMIC SURVEY 38–40, tbl. 35, 36 (2017). The 2018 NALA Report showed an average hourly rate of $153 for paralegals in the Far West region, which includes Oregon; courts in this district have compensated paralegal work up to $165 an hour. *Bird*, 2021 WL 7709970, at *2.

Terry Scannell has more than 35 years of experience "as an attorney and businessperson." ECF 146-1 at 2. Plaintiffs request an hourly rate of $400 to compensate Mr. Scannell, which is reasonable. ECF 146-5 at 4. Plaintiffs seek an hourly rate of $300 to compensate Chris Hayes, who has over seven years of active law experience. ECF 146 at 13; ECF 146-5 at 4. This is reasonable. This Court finds reasonable Plaintiffs' request for an hourly rate of $175 to compensate Gary Gosha, who has provided paralegal services for ten years and has extensive experience as a computer analyst. ECF 146-2 at 2; ECF 146-5 at 4. Finally, Plaintiffs' request to compensate work by two third-year law students at $125 an hour is reasonable. *See Fearey v. Chugach Educ. Servs., Inc.*, No. 3:19-cv-00613-BR, 2019 WL 4261115, at *3 (D. Or. Sept. 9, 2019).

Of the 164.44 compensable hours, 80.59 of them were performed by Scannell at $400 per hour, 15.85 hours by Hayes at $300 per hour, 47.58 hours by Gosha at $175 per hour, and 19.22 hours by legal assistants at $125 per hour. Accordingly, this Court finds an award of $47,719.13 in attorney's fees is appropriate to award to Plaintiffs' counsel.

Plaintiffs also request an award of $853.67 in costs, including $7.95 for mailing a copy of the Motion to Compel to Defendant Harkins and $845.72 in costs associated with filing subpoenas, ECF 146-5 at 6, 17, of which $7.95 is compensable.

Plaintiffs' Petition for Attorney's Fees, ECF 146, is GRANTED IN PART and DENIED IN PART. This Court awards $47,727.08 in fees and costs.

**IT IS SO ORDERED.**

DATED this 22nd day of June, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 5 – ORDER